**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ISRAEL MORALES-CHAVEZ,

Defendant-Appellant.

No. 05-1139
(D. Colorado)
(D.C. No. 04-CR-00275-MSK)

**ORDER AND JUDGMENT**[*]

Before **McWILLIAMS**, **BALDOCK**, and **BRORBY**, Senior Circuit Judges.[**]

Israel Morales-Chavez, (the defendant), was charged in a one-count indictment

filed in the United States District Court for the District of Colorado pursuant to 8 U.S.C.

§§ 1326(a) and (b)(2), with having been "found" in the State of Colorado on or about June

9, 2004, after he had been deported and removed from the United States as an "illegal

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

alien" subsequent to his having been convicted for the commission of three aggravated felonies.[1] According to the indictment, the defendant had been previously convicted of unlawful entry into the United States on or about January 29, 1993, a matter with which we are not here concerned. The second felony in question was for Forgery in the Second Degree in Colorado on or about May 7, 1991, with which we are not here directly concerned. The third prior felony alleged in the complaint, with which we are concerned, is his prior conviction on or about April 17, 2003, in the state district court in the Tenth Judicial District of Colorado, for assault in the third degree in Case No. 02-CR-905.

8 U.S.C. § 1326(a) provides that any alien who has been deported and thereafter enters or attempts to enter shall be fined under Title 18, or imprisoned for not more than two years, or both. 8 U.S.C. § 1326(b)(2) goes on to provide that not withstanding the provision of 8 U.S.C. § 1326(a), an alien, whose removal from the U.S. was subsequent to a conviction for the commission of an aggravated felony, shall be fined under Title 18, imprisoned for not more than twenty years, or both.

As concerns the present case, U.S.S.G. § 2L1.2 provides as follows:

**Unlawfully Entering or Remaining in the United States**

      (a)     Base Offense Level: **8**

      (b)     Specific Offense Characteristic

---

[1] 8 U.S.C. §1101(43)(F) provides that the term "aggravated felony" means . . . a crime of violence (as defined in Section 16 of Title 18, but not including a purely political offense) for which the term is imprisonment for at least one year.

(1) Apply the Greatest:

If the defendant previously was deported, or unlawfully remained in the United States, after–

(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by **16** levels**;**

 . . .

(C) a conviction for an aggravated felony, increase by **8** levels;

U.S.S.G. § 2L1.2(b)(1), *Application Note* 1 (B) (iii) reads as follows:

(iii) "Crime of violence" means any of the following: murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or <u>any offense under federal, state, or local law that has as an element the use, attempted use, threatened use of physical force against the person of another.</u> (Emphasis added.)

Colo. Rev. Stat. § 18-3-204  reads as follows:

**§ 18-3-204.  Assault in the third degree**

A person commits the crime of assault in the third degree if he knowingly or recklessly causes bodily injury to another person or with criminal negligence the person causes bodily injury to another person by means of a deadly weapon.  Assault in the third degree is a class 1 misdemeanor.

As indicated, the indictment alleged that prior to his last deportation, defendant had, *inter alia*, been convicted of an aggravated felony in the district court in Pueblo County,

-3-

Colorado, of "Assault in the Third Degree, on or about April 17, 2003, in the District Court, 10th Judicial District, Pueblo, Colorado, Case No. 12-CR-905."

Pursuant to a plea agreement, the defendant pled guilty of the crime charged and was sentenced to 70 months imprisonment. In the plea agreement, the defendant admitted, *inter alia*, that he sustained a prior conviction for second degree forgery, a felony, and also admitted to a prior conviction for third degree assault, a misdemeanor. As permitted by the plea agreement, defendant appeals his sentence.

On appeal, counsel frames the one issue presented to this Court as follows:

> Whether the district court erred in finding that Mr. Morales-Chavez's prior conviction for third-degree assault was a crime of violence under U.S.S.G. §2L1.2.

By way of background, on June 9, 2004, the defendant was arrested in Morgan County, Colorado, for driving under the influence of alcohol. When interviewed several days later, he identified himself as a citizen of the Republic of Mexico and acknowledged that he had previously been deported to Mexico by the United States and had then illegally reentered the United States without the permission of the United States Attorney General. Among his many previous convictions, the defendant had been convicted in Colorado of Second Degree Forgery, a class five felony, in violation of Colo. Rev. Stat. § 18-5-103 (1)(e). He agrees that this conviction qualifies as an aggravated felony pursuant to U.S.S.G. § 2L1.2(b)(1)(C). The defendant had also been convicted in Colorado of Third Degree assault in violation of Colo. Rev. Stat. § 18-3-204, and in the district court, as in

-4-

this Court, he argues that his conviction of a Third Degree assault does not qualify as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A).

As above stated, pursuant to the plea agreement, the defendant pled guilty to the crime as charged in the indictment, namely 8 U.S.C. §§1326(a) and (b)(2). At sentencing, it was agreed that under U.S.S.G. § 2L1.2, the base offense level for a conviction under 8 U.S.C. § 1326(a) and (b)(2) was eight. Under the guidelines, a defendant's base offense level is to be raised by eight levels if he had, before his deportation, been convicted of an aggravated felony (in defendant's case, forgery), and should be enhanced by 16 levels if he had been convicted of a crime of violence, whichever enhancement is "the greatest." As stated, defendant agrees that his base offense level of eight should be increased by eight levels because of his previous conviction for forgery. However, defendant argued in the trial court, as he does here, that his base offense level should not have been increased by 16 levels because of a previous conviction for Third Degree Assault, contending that his conviction for Third Degree Assault was not a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii). The District Court disagreed with that argument. After raising defendant's base offense level of 8 by 16 levels for his Third Degree Assault conviction, and then reducing his adjusted base offense level of 24 by three levels for his acceptance of responsibility, defendant's base offense level was 21. The guideline range for an offense level of 21, when coupled with a criminal history category of V, resulted in a guideline range of imprisonment for 70 to 87 months. As mentioned, defendant was

sentenced to imprisonment for 70 months. If defendant's base level was raised by only 8 levels, instead of 16, his adjusted base bevel would have been 16 and not 24. If the base offense level of 16 had been lowered for his acceptance of responsibility to 13 levels, when combined with his criminal history category of V, his guideline range would have been 30 to 37 months imprisonment.

The record before us shows that a "criminal information" was filed in July, 2002, in the District Court of Pueblo County, Colorado, charging one Jose Martinez, an alias used by the defendant, in Count 1 with menacing with a deadly weapon in violation of Colo. Rev. Stat. § 18-3-206 (Class Five Felony) and in a second count with assault in the Third Degree in violation of Colo. Rev. Stat. § 18-3-204 (Class One Misdemeanor). Attached to that complaint was an affidavit for a warrantless arrest by one Matthew A. Hernandez, a police officer for the Pueblo Police Department, in which he outlined in detail the facts and circumstances surrounding the charges against the defendant. It would appear that the defendant was later convicted of violating the second count in that indictment, which was a misdemeanor and that he was sentenced to imprisonment for one year.

Based on the record before it, the district court in the instant case, concluded that the defendant's conviction of Third Degree assault in 2003 in Pueblo County, Colorado, involved the "use of force" by the defendant which would qualify as a "crime of violence" under U.S.S.G. § 2L1.2. Specifically, the district judge stated "I conclude that the prior convictions for assault were for the purposes of §2L1.2 crimes of violence, requiring an

increase of 16 levels as a special offense characteristic." It was on that basis that the

district court increased defendant's base offense level by 16 levels under U.S.S.G. §

2L.1.2. In thus concluding, the district court spoke as follows:

> An information filed on July 18, 2000, in The People of State of Colorado vs. Jose Martinez, which was a name apparently used by the defendant, charged him in another case with assault in the third degree in violation of 18-3-204 in conjunction with menacing with a deadly weapon. And attached to that information is a sworn affidavit of Matthew A. Hernandez, who states that he was employed as a police office for the Pueblo, Colorado Police Department and in that capacity he reported on a stabbing. On his arrival, he made contact with Jose Martinez, who was bleeding from wounds to his chest and shoulder. Mr. Martinez said, "I didn't do anything, and my woman cut me." Mr. Martinez later said while in the hospital that it was his fault; he did everything. After the officer asked him what happened, he did not elaborate. Vickie Martinez reported that she was driving with her boyfriend, Jose, home. She was accused of cheating on him. He punched her in the face a couple of times on the way home. He reached for a tool near the side of his car and tried to hit her on the head with a hammer that has a blade on it.

We are in accord with the district court's handling of this matter. In support of our

resolution of this case, in *United States v. Farnsworth,* 92 F.3d 1001, 1008 (10th Cir.

1996), we spoke as follows:

> For purposes of evaluating whether a prior offense constituted a crime of violence for purposes of § 4B1.2, we look first to the statutory basis of conviction. If the statute is ambiguous, or broad enough to encompass both violent and nonviolent crimes, "a court can look beyond the statutory count of conviction in order to resolve a patent ambiguity caused by a broad state statute." The range of this extrastatutory examination is limited, however, to "the charging papers, judgment of conviction, plea agreement or other statements by the defendant for the record, presentence report adopted by the court, and findings by the sentencing judge."(Citations omitted).

The criminal information, with the attached affidavit of Matthew Hernandez, which

was relied on by the district court in concluding that the defendant's conviction in 2003 was for assault in the third degree and involved the intentional "use of force," was contained in the presentence report. As concerns the accuracy of those documents, defendant's counsel, at sentencing, in response to inquiry by the district court, indicated that he had reviewed the entirety of the pre-sentence report and its addenda and that he did not dispute the "factual contents" of that report, indicating that his objections to the pre-sentence report were "a legal dispute, whether, in fact . . . 'third degree assault' is a crime of violence . . . or not . . . ," and were not "factual in nature." We agree with the district court that the affidavit of Officer Hernandez showed that in violating Colo. Rev. Stat. §18-3-204, the charge of which the defendant was convicted, there was a "use of force" and that it involved something more than a mere negligent "use of force." In other words, the defendant's "use of force" was "knowing or reckless," or "criminally negligent" and caused bodily injury as denounced by Colo. Rev. Stat. §18-3-204. We are not persuaded by the defendant's further suggestion that we, under Tenth Circuit law, may, and should, disregard Matthew Hernandez's affidavit and hold that "the district court was limited to analyzing the terms of the statute."

We believe that *United States v. Perez-Vargas,* 414 F.3d 1282, relied on by the defendant, does not dictate a contrary result. We agree that under *Perez-Vargas,* Colo. Rev. Stat. § 18-3-204 is not necessarily a crime of violence as defined the Guidelines. However, in such instances, as the court stated in *Perez-Vargas,* a district court may

examine the charging documents or court records of comparable reliability in order to understand the exact nature of the conviction under Colo. Rev. Stat. § 18-3-204. Here, the "charging papers," including Officer Hernandez' affidavit, clearly supports the district court's holding that the defendant's conviction in Pueblo County, Colorado, in 2003 for Third Degree Assault under Colo. Rev. Stat. § 18-3-204 included the "use of force," as required by U.S.S.G. § 2L1.2.

Nor do we believe that *United States v. Torres-Ruiz*, 387 F.3d 1179 (10th Cir. 2004), also relied on by the defendant, dictates reversal in the present case. The "prior conviction" in that case involved a California statute concerning driving a motor vehicle while under the influence of intoxicating liquor and causing injury to another. In that case, as in *Perez-Vargas,* there were no "charging papers" before the district court, as there <u>were</u> in the instant case.

Judgment affirmed.


        ENTERED FOR THE COURT

        Robert H. McWilliams
        Senior Circuit Judge